Memorandum. The order of the Appellate Division should be affirmed.
Balancing the factors outlined in People v Taranovich (37 NY2d 442), we conclude that there has been no deprivation of the right to a speedy trial (see People v Ganci, 27 NY2d 418). The very serious nature of the charge necessitated a slow and careful preparation of the case and defendant has not demonstrated that the delay impaired his defense (cf. People v Johnson, 38 NY2d 271).
The reference in the concurring opinion to People v Johnson (supra) is inappropriate. In the first instance, the delay in Johnson was 18 months whereas here, as conceded by the parties, the period of delay attributable to the People, or the State generally, was 15 or 16 months—the same amount of time involved in Ganci. In addition, in Johnson the crime *972 arose out of an altercation and was not the type of unprovoked predatory offense involved in the instant case. It is also significant to note that in Johnson, unlike the situation here, the record indicated that he might have lost his ability to prove his defense because of the delay. Here no such claim was made.
Since counsel had not been previously retained (cf. People v Hobson, 39 NY2d 479), the defendant’s request that an attorney be obtained for the lineup is not significant; it could not create a right to counsel where none existed (United States ex rel. Conomos v La Vallee, 363 F Supp 994,1001-1002). Nor can we say as a matter of law that the lineup was unnecessarily suggestive or improper (cf. Manson v Brathwaite, 432 US 98).