■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MATTHEW LEE SMITH, Respondent.—Order unanimously reversed and indictment reinstated. Memorandum: With respect to the speedy trial right guaranteed by CPL 30.20 and section 12 of the Civil Rights Law, the same factors established by the Supreme Court under the Federal constitutional guarantee *(Barker v Wingo,* 407 US 514) are applied in New York. The Court of Appeals in *People v Taranovich* (37 NY2d 442) considered the extent of the delay, the reason for the delay, the existence of an extended period of

pretrial incarceration and prejudice to the defense traceable to the delay. The Court of Appeals adds to the Federal factors a consideration of the nature of the underlying charge. Defendant Smith was incarcerated for 14 months. However, he was charged with the very serious crimes of murder, second degree, and robbery, first degree, which by their very nature would have required a bail which defendant knew he could not meet. Hence, defendant never made application for bail. We also consider the fact that defendant failed to request a trial prior to this motion. In fact, defense counsel distinctly conveyed to the Assistant District Attorney four months after the arrest that he was perfectly agreeable to having the codefendants' cases tried before his client (cf. *People v Johnson,* 38 NY2d 271). When the serious nature of the charge, the short period of delay assignable to the People and the lack of any prejudice shown to the ability of defendant to establish his defense are weighed against defendant's pretrial incarceration, a determination that defendant was not denied a speedy trial under New York State law follows *(People v Perez,* 42 NY2d 971; *People v Taranovich, supra; People v Kelly,* 38 NY2d 633; *People v Panarella,* 50 AD2d 304). The record indicates no more than six months' delay on the part of the People, which delay would be permissible even for a less serious offense (CPL 30.30, subd 1, par [a]; *People v Dean,* 56 AD2d 242). Balancing all the factors presented by the record, we conclude that defendant's right to a speedy trial under the United States Constitution was not denied to him *(Barker v Wingo, supra; Klopfer v North Carolina,* 386 US 213). (Appeal from order of Monroe County Court—dismiss indictment.) Present—Marsh, P. J., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.