■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES F. HAMILTON, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered July 14, 1977, upon a verdict convicting defendant of the crime of assault in the second degree. The defendant raises two questions on this appeal. First, he contends that he was denied a speedy trial pursuant to CPL 30.30. That section provides that a defendant who has

not been tried within six months after commencement of a criminal action, is entitled to dismissal of the indictment. The time periods prescribed by the statute apply only if the People are not ready for trial. Thus, diligence, blamelessness or readiness on the part of the District Attorney constitute good cause for what would otherwise be undue delay requiring dismissal. The defendant was arrested on November 13, 1975 upon an information charging him with assault in the second degree. The information alleged that on September 19, 1975 the defendant beat a two-year-old boy, the son of the complaining witness with whom the defendant had been cohabiting, banging his head on a cupboard door, and hitting his left leg with a closed fist 10 times. The case was presented to the Tompkins County Grand Jury on April 20, 1976, and an indictment was handed down on April 27, 1976. The defendant was arraigned on May 10, 1976 and released on bail. On June 7, 1976, defendant's counsel made a motion for a bill of particulars, results of medical examinations and production of any and all exculpatory evidence. The motion was argued on July 6, 1976 and decision rendered on July 29, 1976. Thereafter, on October 29, 1976, the defendant was reindicted by a superseding indictment. The case was marked ready for trial on November 26, 1976. Thus, a period of 1 year and 13 days elapsed between the commencement of criminal proceedings and the "ready for trial" date. The statute provides that in computing the time within which the People must be ready for trial, periods of delay occasioned by "exceptional circumstances" must be excluded (CPL 30.30, subd 4, par [g]). Examining the events following the assault upon the child, we find that during the first weeks after the child was taken to the hospital for emergency treatment, Darla Stewart, the child's mother, took responsibility for inflicting the bruises upon her child. Finally, a month later, Miss Stewart withdrew her earlier account of the incident and implicated the defendant. It was then necessary for the District Attorney to investigate the case, which involved examining witnesses in order to decide whether to present the case to the Grand Jury. The District Attorney alleges that he was ready for trial immediately following the defendant's arraignment, but defense counsel made extensive discovery motions. A decision was delayed by the serious illness and eventual death of one of the two County Judges, Judge Kenneth Johnson. This resulted in an increased workload for the remaining Judge, Judge Bruce Dean, who himself later became ill and was off the bench for a long time. We take judicial notice of this unusual situation. The District Attorney alleges, without refutation by the defense, that extensive pretrial discussions were held between counsel regarding the evidence in the case. The District Attorney offered to provide defense counsel with a tape recording of an interview with Darla Stewart, but defendant's counsel failed to obtain the recording until just before the trial commenced. Furthermore, the District Attorney contends that he offered, at several pretrial conferences, to comply with all discovery requests and proceed to trial if the defendant so desired. The defendant took no action. We must conclude that the defendant has alleged no facts which would indicate any actual prejudice to the preparation of his case. Defendant has not been incarcerated and has helped in the preparation of his case. Defense counsel produces no evidence that witnesses are missing. Finally, it appears that at no time did the defendant assert that he was ready for trial during the period in question. It should also be pointed out that the superseding indictment of November 26, 1976 presented an entirely different theory of prosecution. The allegations were changed from those of reckless conduct to the subsequent allegations of intentional conduct on which the defendant was tried.

We conclude that the judgment should be affirmed under the "exceptional circumstances" provisions of CPL 30.30 (subd 4, par [g]). The remaining contention is without merit. Judgment affirmed. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.