■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEFF WEIRICH, Respondent.—Order unanimously reversed, on the law, and indictment reinstated in accordance with the following memorandum: Defendant was indicted under a two-count indictment charging criminal possession of a controlled substance, third degree, and criminal sale of a controlled substance, third degree, July 21, 1975. Following his arraignment various adjournments were granted to secure the posting of bail, the assignment of counsel for the indigent defendant, two substitutions of counsel and the making of pretrial motions. On or about October 2, 1975, before the 45-day period allowed defendant's substituted counsel for the making of motions had expired, representatives of the State Police, defendant and defendant's attorney met and reached an understanding whereby a reduction in charge or sentence would be recommended in return for defendant's co-operation in the investigation of drug cases. On March 25, 1976 the District Attorney advised defendant's counsel that there would be no reduction in the charge due to defendant's failure to co-operate with the police authorities, and thereupon defendant moved for dismissal of the indictment for defects on its face and for failure to grant a speedy trial. Following three one-week adjournments at the request of the District Attorney, the motions were held, due to the illness of the District Attorney. A superseding indictment was returned on May 24 and the original indictment dismissed. The court, following arraignment at defendant's request placed the case on the 45-day Motion Calendar and bail was continued. The defendant served new motion papers on July 22 addressed to the superseding indictment, seeking dismissal on the grounds of failure to grant a speedy trial and an illegally constituted Grand Jury. Following a two-week adjournment to permit answering papers to be submitted, the motion was argued and submitted and by the decision and order granted November 16, 1976 now appealed from the indictment was dismissed. The adjournments from the arraignment of defendant on the original indictment until March 25 were with the consent of defendant or to secure counsel for defendant, an indigent. Defendant's current attorney was appointed on August 21, 1975 and the case was continued on the 45-day Motion Calendar for defense counsel's

pretrial motions. The motions were not made, presumably due to the agreement whereby defendant was to co-operate with the State Police in drug investigations in return for a reduction in charges or sentence to probation. This arrangement and the continuance previously granted to him did not terminate until defendant prepared his motion on March 25, 1976. Such period of delay with the consent of defendant is not chargeable to the People within the meaning of CPL 30.30 (subd 4, par [b]). The delay from March 25 to April 8 was assignable to adjournments given to the District Attorney to prepare answering affidavits and is properly excludable as delay caused by defendant's pretrial motions (CPL 30.30, subd 4, par [a]). The District Attorney was ill from approximately April 8, 1976 until sometime in May when the Grand Jury handed down a superseding indictment. Such a period of delay may properly be considered excludable under CPL 30.30 (subd 4, par [g]) as an exceptional circumstance giving cause for delay *(People v Hamilton,* 61 AD2d 1112; *People v Hall,* 61 AD2d 1050). The time period from approximately May 15 to July 22 when defense counsel addressed its renewed and supplemental motions to the new indictment should be chargeable to the People since this period of delay resulted from the need to obtain a superseding indictment. This would charge the District Attorney at this point with the three days between the indictment and the arraignment and two months and seven days following the superseding indictment. The period of delay subsequent to defendant's renewed and supplemental motions to the time of decision would be excluded under CPL 30.30 (subd 4, par [a]) as a result of defendant's pretrial motions and the period of time during which the court had them under consideration. Delay resulting from the period during which the court had defendant's motion under consideration is not chargeable to the People under CPL 30.30 *(People v Conrad,* 44 NY2d 863, affg on opn of County Judge Maas 93 Misc 2d 655). The delay assignable to the People in this case does not rise to constitutional dimensions with respect to the claimed denial of defendant's rights to a speedy trial *(People v Smith,* 60 AD2d 974). The delay which was chargeable to the People was minimal. There were only four days of pretrial incarceration, no prejudice is alleged by defense counsel traceable to delay, and the underlying charge is a serious A-3 felony *(People v Taranovich,* 37 NY2d 442). Defendant's challenge to the constitutionality of the Grand Jury panel including its supporting evidentiary allegations was denied by the District Attorney's answering affidavit. No evidentiary hearing was held and the court apparently felt under constraint to follow the ruling in a different case which declared that a Livingston County jury pool was illegally constituted. However, no evidence before the court in that case was stipulated as being properly considered on defendant's motion in this case. Hence, there was no evidentiary basis upon which the lower court could apply the law and make a constitutional determination with respect to the Grand Jury which indicted the instant defendant (cf. *Matter of Paciona v Marshall,* 45 AD2d 462, 464). The order appealed from is reversed and the indictment reinstated with leave to defendant to challenge the constitutionality of the Grand Jury pool from which the grand jurors were drawn which found the indictment against defendant, if defendant is so advised. (Appeal from order of Livingston County Court—dismiss indictment.) Present—Marsh, P. J., Moule, Simons, Dillon and Hancock, Jr., JJ.