■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE RODRIGUEZ, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County, entered October 15, 1980, which granted defendant's motion to dismiss the indictment against him upon the ground that defendant was denied a speedy trial. Order reversed, on the law, motion denied and indict-

ment reinstated. The matter is remitted to Criminal Term for further proceedings on the indictment. Criminal Term erred in granting defendant's motion to dismiss the indictment, charging him with manslaughter in the first degree and criminal possession of a weapon in the fourth degree, based on a denial of defendant's right to a speedy trial. With regard to any statutory claim under CPL 30.30, it should be noted that defendant did not raise this issue in his motion papers, but only alleged a denial of his constitutional right to a speedy trial. Indeed, any claim predicated upon defendant's statutory rights would be without merit, since the statute is not applicable when certain crimes, including manslaughter in the first degree, are charged in an indictment (see CPL 30.30, subd 3, par [a]; see, also, *People v Johnson*, 38 NY2d 271, 278-279, n 3; *People v Smith*, 53 AD2d 652). With respect to the alleged denial of the constitutional right to a speedy trial, the court in *People v Taranovich* (37 NY2d 442, 445) set forth five factors to consider in determining whether a defendant's right has been violated: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (see, also, *Barker v Wingo*, 407 US 514). Looking at each factor in detail, we note first that only approximately eight and one-half months elapsed between the date of incarceration (Dec. 14, 1979) and the final arguments on the motion to dismiss (Aug. 28, 1980). Speedy trial claims have been denied where the period of pretrial delay was substantially longer (see *People v Perez*, 42 NY2d 971 [15- or 16-month delay]; *People v Grant*, 63 AD2d 575 [10-month delay]; *People v Smith*, 60 AD2d 974 [14-month delay]). Moreover, of this total, five months were the result of adjournments granted on consent, and the balance was necessary in order for the People to locate an alleged eyewitness. It has been held that "a valid reason, such as a missing witness, should serve to justify appropriate delay" *(Barker v Wingo, supra,* p 531). As defendant was indicted for first degree manslaughter, a class B felony, "The very serious nature of the charge necessitated a slow and careful preparation of the case" *(People v Perez, supra,* p 971; *People v Lomax*, 50 NY2d 351, 358). Although defendant had been incarcerated for the entire eight and one-half month period because of his inability to post bail, longer periods of incarceration have not resulted in dismissal where the other *Taranovich* factors weighed in the People's favor *(People v Perez, supra; People v Lomax, supra)*. The fifth factor to be considered is whether the delay caused by the prosecution impaired defendant's ability to prepare his case because either defense witnesses can no longer be found, or they are no longer able to recall the events of the alleged crime *(People v Taranovich, supra,* pp 445, 447; *Barker v Wingo, supra,* p 532). Defendant does not claim prejudice on these grounds, but instead claims prejudice because his period of incarceration would not be credited to his period of enlistment in the United States Army. This hardly represents an impairment of his defense. Thus, since the *Taranovich* factors weigh against defendant, Criminal Term erred in granting his motion to dismiss. Damiani, J. P., Gibbons, Gulotta and Thompson, JJ., concur.