■ The People of the State of New York, Appellant, v Alfredo Riera, Respondent. — Order of the Supreme Court, Bronx County (William Kapelman, J.), entered on January 10, 1983, which granted defendant's motion to dismiss the indictment against him, is reversed, on the law and in the exercise of discretion, and the motion is denied and the indictment reinstated. ¶ In an indictment filed on March 11, 1982, defendant Alfredo Riera was charged with the crimes of murder in the second degree, criminal possession of a weapon in the second degree and criminal use of a firearm. According to the court file, the defendant entered a not guilty plea on March 17, 1982 and was released on bail at his next court appearance, which took place on April 2, 1982. The case thereafter was on the court calendar once a month until November of 1982 when the matter was scheduled three times and then twice in December. On October 9, 1982, the defendant was not present whereupon his bail was forfeited, and a bench warrant was issued but stayed. The case was then marked "ready subject" for the first time. The matter continued to be marked "ready subject" for the next three adjournment dates. On December 6, 1982, the defendant again failed to appear, his bail was forfeited and the ensuing bench warrant stayed. The bench warrant was vacated on December 9, 1982 after the defense counsel explained that the defendant had simply been late. At that time, the People stated that they were not ready to proceed due to their difficulty in locating a civilian witness. In response to the court's inquiry as to how long it would take to procure the witness, the Assistant District Attorney requested a three- and one-half-week adjournment until January 3, 1983. Although the court expressed its doubt concerning the truthfulness of the People's representations, it granted the adjournment with an admonition to the prosecution to be ready or the case would be dismissed. On December 23, 1983, at the court's suggestion, the defendant obtained an order to show cause, returnable on January 3, 1983, why the indictment should not be dismissed. When the matter was heard on January 3, the Assistant District Attorney

asserted that she now knew of the whereabouts of the witness in question, a 12-year-old child, and the child's mother. She also stated that she had not attempted to procure the witness' appearance since another witness, the detective who had recovered the murder weapon, was on vacation and, therefore, unavailable until February. However, the court declined to adjourn the case until the following month and granted the defendant's motion to dismiss the indictment. ¶ CPL 30.30 does not apply to murder prosecutions, and the dismissal was not based on constitutional grounds. Thus, the court's action was apparently the result of its belief that it possessed inherent power to dismiss for failure to prosecute. The Court of Appeals, however, has ruled against the existence of such inherent authority. (*People v Douglass,* 60 NY2d 194.) Moreover, the record of this case does not reveal an inexcusable delay or lack of diligence on the part of the People, nor is there any indication that the District Attorney would be unable to secure the presence of the civilian witness. Consequently, dismissal of the defendant's indictment herein was unwarranted and constituted an improvident exercise of discretion. Concur — Sandler, J. P., Sullivan, Milonas and Alexander, JJ.