■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEAN GARFINKEL, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Brennan, J.), dated January 11, 1984, which granted the defendant's motion to dismiss his indictment for failure to provide him with a speedy trial pursuant to CPL 30.30.

Order reversed, on the law and the facts, motion denied, indictment reinstated, and matter remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

Defendant was indicted for criminal sale of a controlled substance in the third degree on January 4, 1983. He was arrested on February 21, 1983 and arraigned on February 22, 1983. Omnibus motions were made in April 1983, and a decision thereon was rendered on May 3, 1983. Defendant was ready to go to trial on May 31, 1983, but the People were not.

In June, the People obtained a superseding indictment charging the defendant with an additional count of criminal sale of a controlled substance in the third degree in connection with the same transaction. Defendant was arraigned on this indictment on June 30, 1983, whereupon the original one was dismissed on the People's motion.

The court then adjourned the case to August 18, 1983 in order to allow the defendant time to make motions on the new indictment, and on August 18, 1983, the matter was again adjourned to September 28, 1983, in order to enable the court to decide the ensuing motions. The Mapp hearing was concluded on December 1, 1983, and on December 2, 1983, defendant made the instant motion to dismiss the indictment for failure to bring the case to trial within six months.[1] The People announced that they were ready for trial on December 5, 1983.

---

1. The period is six months, not 180 days (CPL 30.30 [1] [a]; see, General Construction Law §§ 30, 31; People v Smith, 97 AD2d 485). This number of days can vary depending on the months the period embraces.

The only issue of any substance on this appeal[2] is whether the period during which the defendant made, and the court decided, the second omnibus motion should be excluded from the time chargeable to the People. Ordinarily, such a period would be excluded, since it resulted from pretrial motions (CPL 30.30 [4] [a]; *People v Conrad*, 44 NY2d 863; *People v Chiofalo*, 73 AD2d 673). Under the facts of this case, we find no merit in defendant's argument that no delay resulted from the making of this motion (*People v Sturgis*, 38 NY2d 625).

Defendant argues that he should not be held responsible for the adjournments occasioned by this second omnibus motion, since they were only caused by the People's procurement of a superseding indictment. However, defendant made no objection to the long adjournment periods, and notwithstanding his realization that the superseding indictment was only different in form, made no attempt to expedite the motion's submission or determination. In addition, defendant made no objection to any of the subsequent adjournments until after the conclusion of the *Mapp* hearing, when he made the instant motion to dismiss. There is no indication on this record that the People sought the superseding indictment or took or avoided any other action for improper reasons.

Therefore, the 90 days used to make and decide the second set of pretrial motions should be excluded as usual under CPL 30.30 (4) (a). The remaining time properly attributable to the People from the initial indictment until the People announced their readiness for trial is 147 days, or well within the statutory six-month period. Accordingly, the indictment should be reinstated. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.

---

2. The court correctly excluded the period from defendant's arraignment, February 22, 1983, until the first motion date, April 5, 1983, since this adjournment was made to allow defendant to make pretrial motions. By April 5th, defendant had not served any motions, and requested and received an additional adjournment (*see, People v Weirich*, 65 AD2d 932, *affd* 49 NY2d 1020). The People, however, were correctly charged with the time from May 31, 1983 to June 30, 1983.