■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS O'SULLIVAN, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Rotker, J.), dated May 27, 1983, which precluded the introduction into evidence at trial of any testimony relating to the identification of the defendant by any witness who would testify in any manner or form that the defendant had committed the crimes charged.

Order reversed, on the law, and matter remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Criminal Term clearly erred in granting an order of preclusion on the basis of the alleged denial of the defendant's right to a speedy trial and his extended incarceration. Statutory speedy trial considerations are inapplicable in cases where the defendant has been charged with a homicide (see, CPL 30.30 [3] [a]; *People v Riera,* 99 AD2d 972; *People v Rodriguez,* 81 AD2d 840; *People v White,* 72 AD2d 913). In view of the serious nature of the charges and the defendant's failure to establish that the delay impaired his defense, there has been no deprivation of his constitutional right to a speedy trial (see, *People v Perez,* 42 NY2d 971; *People v Taranovich,* 37 NY2d 442, 445). In any event, the proper remedy for the denial of a defendant's right to a speedy trial is the dismissal of the indictment (see, CPL 210.20 [1] [g]) rather than the preclusion of the use of evidence. Criminal Term does not possess the inherent authority to dismiss a criminal action for failure to prosecute (see, *People v Douglass,* 60 NY2d 194; *People v Riera, supra,* at p 973). Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.