◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MURPHY, Appellant. [623 NYS2d 278] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Pagones, J.), rendered February 17, 1993, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that there is no valid explanation for

the periods of delay in the prosecution of this matter which occurred between February 14, 1990, and July 6, 1990, and between April 30, 1991, and March 2, 1992 and that this resulted in a violation of his constitutional right to a speedy trial. The People attribute the former delay of approximately five months to calendar congestion, and the latter delay of over 10 months to the pendency of a plea-bargain offer. According to the findings of fact made by the County Court after a hearing, this offer had been conveyed by telephone in May 1991, and had remained unanswered for approximately 10 months. As did the County Court, we credit the hearing testimony of the Assistant District Attorney, and find that this plea offer had in fact been conveyed to defense counsel in May 1991. We also find that defense counsel, knowing his client had been released from a psychiatric hospital and returned to jail, requested "a couple of weeks" to consider the offer, and then failed to contact the Assistant District Attorney as promised.

We agree with the People that this delay of more than 15 months does not, in and of itself, warrant dismissal of the indictment *(see, People v Watts,* 57 NY2d 299; *People v Perez,* 42 NY2d 971; *People v Ganci,* 27 NY2d 418, *cert denied* 402 US 924; *People v Whelan,* 198 AD2d 668; *People v Johnson,* 184 AD2d 862; *People v Brown,* 117 AD2d 978, 979; *People v White,* 81 AD2d 486, *cert denied* 455 US 992). There is no competent proof in the record of actual prejudice *(cf., People v Moore,* 47 NY2d 872; *People v Johnson,* 38 NY2d 271). The crime was one of "unprovoked [and] predatory" violence *(People v Perez, supra,* at 972; *cf., People v Nelson,* 197 AD2d 744; *People v Respress,* 195 AD2d 1053). In light of the particular procedural history of this case, there is an unusually strong basis for concluding that the defendant had a tactical interest in prolonging the length of his pretrial detention in the local jail. Upon consideration of all the relevant factors *(see, People v Taranovich,* 37 NY2d 442; *see also, Barker v Wingo,* 407 US 514), we conclude that the defendant was not deprived of his constitutional right to a speedy trial. Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur.