■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT BALUKAS, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County (Goldstein, J.), entered June 4, 1982, dismissing the indictment "in the interest of justice", with leave to resubmit to a Grand Jury. Order affirmed. On January 17, 1982 defendant was given notice that his case would be presented to a Grand Jury on January 19, 1982. The following day defendant was arraigned and remanded, at the request of defense counsel, for the purpose of a psychiatric examination pursuant to CPL article 730 to determine if he was an "incapacitated person". He was admitted to Kings County Hospital Center on January 19, 1982. Thus, the Grand Jury convened on the same day that defendant was first hospitalized and examined by a physician. On February 16, 1982 defendant was found fit to proceed, 12 days after an indictment was filed against him. He moved to dismiss the indictment the following day. The People waited almost two months before responding to defendant's motion. Upon this record, there is no indication of improper conduct on the part of the People. CPL 730.40 (subd 3) clearly authorizes the

presentation of a case to the Grand Jury while a defendant is committed pursuant to a temporary order of observation (*People v Searles,* 79 Misc 2d 850, 851). However, since the Grand Jury convened on the same day that defendant was first hospitalized and examined by a physician, it would have been difficult for him, had he been so advised, to have made an application to the superior court that impaneled the Grand Jury, to determine whether he was incapacitated, and dependent on the result thereof, to render a decision as to whether the Grand Jury need hear defendant (see CPL 730.40, subd 3). Absent evidence in the record to the contrary, we presume that the defendant's request to appear before the Grand Jury was made in good faith (cf. *People v LaBoy,* 87 Misc 2d 449, 451). Indeed, upon this record, defendant's interest in testifying would be considerable because while intoxication is not a defense to a criminal charge, evidence of such condition may be afforded to negative an element of the crime charged, for example, the element of intent (see Penal Law, §§ 15.25, 15.05, subd 1). Accordingly, under such unique facts, where there are readily identifiable reasons for the dismissal of the indictment in furtherance of justice, where there is absent a viable assertion of prejudice by the People, and where the People have been given the opportunity to resubmit the matter to a Grand Jury, we conclude that it cannot be said that Criminal Term abused its discretion as a matter of law (see *People v Rickert,* 58 NY2d 122; CPL 210.40). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.