OPINION OF THE COURT
Sheldon Greenberg, J.
The defendant, indicted for multiple counts of sodomy and sexual abuse in varying degrees as well as related crimes, *332 claims that the underlying Grand Jury proceeding was defective, and moves for dismissal of the indictment pursuant to CPL 210.20 (1) (c). He cites as the specific defect the denial (see, CPL 210.35 [4]) of his right to testify before the Grand Jury as guaranteed by CPL 190.50 (5), and seeks such other and further relief as the court deems just.
After being arrested on September 12, 1987, the defendant was arraigned on two felony complaints (docket numbers 7K055395, 396) in Part AR-2 of the Criminal Court on September 15, at which proceeding he was represented by counsel assigned under article 18-B of the County Law. The attorney, a practitioner widely experienced in criminal defense work, appeared "for arraignment only”, which limited appearance was accepted by the court, and waived a public reading of the complaints as well as an enumeration of the defendant’s rights under CPL 180.10.*
The Assistant District Attorney then duly served notices pursuant to: CPL 190.50, that the case would be presented to the Grand Jury; CPL 710.30 (1) (a), of intention to offer, at trial, a statement made by the defendant; and CPL 710.30 (1) (b), of intent to offer identification testimony to the trial jury. After a discussion of the contents of the statement which was the subject of one of the aforementioned notices, the attorney reiterated that he was not taking the case for all purposes: "I’m just for arraignment only * * * Well, Judge there’s too many cases here. My case load won’t permit it.”
Bail was eventually set at a total of $20,000, and the dockets adjourned to September 18 in Part AP-1. Clearly, the AP-1 date was chosen with concern for the operation of CPL 180.80 which provides that where a felony complaint is filed against one who is held in custody thereon, the District Attorney has 144 hours from the inception of such custody to dispose of the complaint, or the court must (subject to exception not here relevant) release the defendant on his own recognizance. Since written certification by the District Attorney that an indictment has been voted (see, CPL 180.80 [2] [a]) will stop such release, there is frequently no action taken on the adjourned date other than inquiry concerning the Grand *333 Jury’s progress, with transfer of the case to the Supreme Court where indictment has been timely voted.
The panel for the indigent provides one "primary day” attorney under article 18-B to stand before the court for each of the many defendants who, for varying reasons, are unrepresented in Part AP-1. Thus, the defendant had been "represented” by counsel for the few moments he appeared before a Judge at arraignment, añd for a brief appearance on the adjourned date. At no other time did he have anyone with whom to consult, and no one was charged with the responsibility of preparing to defend him.
Despite notice being served at arraignment that the case was to be presented to the Grand Jury, and the setting of the "180.80 date” deadline for Grand Jury action or release of the defendant, the arraigning attorney cannot recall discussing with the defendant his right to appear before the Grand Jury, and the defendant alleges that the subject never arose. Although CPL 190.50 (5) (a) gives a defendant the absolute right to appear before the Grand Jury up until an indictment is filed, if he is to have the advantage of testifying prior to the case being put to a vote, he must ordinarily decide about appearing sometime in advance of the "180.80 date”. This decision, required in the critical early stage of the proceedings is of such import that any competent attorney appearing at arraignment should make it an invariable practice to advise a defendant being held on a felony charge of the existence of the right to testify, irrespective of what the attorney will then counsel with respect to exercise of such right. To secure the right the statute merely requires that the defendant serve upon the District Attorney a written notice making the request to appear (see, 190.50 [5] [a]). None was served here, ánd the District Attorney had no possible reason to delay the Grand Jury presentation, vote or filing.
On September 18, 1987, when the case was called in Part AP-1, the Assistant District Attorney represented that an indictment had been voted and the matter was transferred to the Supreme Court. No new attorney had yet come into the case on behalf of the defendant, and he remained unaware of the option of testifying.
On October 16, 1987, no notice having been received that the defendant wished to testify, the District Attorney filed the within indictment, and the defendant was subsequently arraigned thereon on November 2, 1987. Mr. Youngblood of the *334 Legal Aid Society appeared then, and was the first attorney since the day of arrest to have been assigned to represent the defendant for all purposes. Within five days he filed the instant motion asserting that having been denied counsel throughout the proceedings, the defendant had been consequently denied the right to testify before the Grand Jury.
Mr. Murphy of the Legal Aid Society, who has since assumed representation of the defendant, states that he is in no position to say at present whether the defendant ever wished to testify, and cannot now assert that the defendant so wishes. Relying on Matter of Borrello (112 AD2d 1051) however, he argues that the defendant’s present intention to testify is immaterial, since past denial of the defendant’s right to testify automatically subjected the indictment to dismissal, and the court cannot condition the dismissal of an "invalid” indictment upon the contingency of the defendant testifying. The Second Department in Borrello (supra, at 1053) held: "we conclude that where a person is entitled to relief under CPL 190.50 (5), the only proper remedy is outright dismissal of the indictment, in view of the mandatory language contained in paragraph (c) of that subdivision and the absence of any statutory basis for the expedient solution of a conditional dismissal”.
A careful reading of Borrello (supra), nevertheless, indicates that defense reliance thereon is misplaced under the facts of the present case. In Borrello the defendant had served written notice upon the Queens County District Attorney of his desire to testify before the Grand Jury, yet the District Attorney ignored the notice and presented the case for indictment without informing him of the convening of the Grand Jury. Obviously that is not the case before this court where, for whatever reason, no written notice was served upon the prosecutor.
CPL 190.50 (5) (a) makes it quite clear that the right to appear before the Grand Jury as a witness only accrues to the defendant "if, prior to the filing of any indictment or any direction to file a prosecutor’s information on the matter, he serves upon the district attorney of the county a written notice making such request”. This statutory prerequisite of notice under CPL 190.50 is further recognized by case law (see, People v MacCall, 122 AD2d 79; People v Reynolds, 35 AD2d 529), hence in the absence of written notice that he wished to testify, he had no right to do so. The court is constrained, therefore, to deny the defendant’s motion to dismiss the *335 indictment based upon a claim that under CPL 210.35 (4) the Grand Jury proceeding was defective for failure to accord the defendant the opportunity to appear and testify at the Grand Jury in accordance with CPL 190.50. That right had simply not accrued to him, albeit, as a result of the failure of the criminal justice system to provide meaningful representation.
The widespread, though unwise, expedient of allowing attorneys to appear on behalf of criminal defendants solely for the purpose of one particular calendar appearance may very well give the impression of representation by counsel; however, where that attorney had no further responsibility for the defendant’s welfare and is not available for even routine preparation and consultation, it is inescapable that the right to assistance by counsel, as guaranteed in both the Federal (see, US Const 6th, 14th Amends) and New York State (see, NY Const, art I, § 6) Constitutions, is being denied. An expansion of the roll of attorneys available for assignment to indigent defendants must be achieved so that those participating are able to continue the protection of defendants for whom they appear at arraignment. We cannot countenance abrogation of defendant’s right to counsel due to "unavoidable” administrative shortcomings (see, People v Kemp, 131 AD2d 265, 267-268).
Moreover, CPL 180.10 (3) leaves no doubt that every defendant has a right to the aid of counsel at arraignment and at every subsequent stage of the action, as well as the right to have counsel assigned by the court where he is financially unable to obtain an attorney. Subdivision (4) thereof makes it clear that the court itself must take such affirmative action as is necessary to effectuate that right.
Since a criminal action commences with the filing of an accusatory instrument such as a felony complaint (CPL 1.20 [1], [8], [17]), the right to counsel attached immediately upon such filing herein (People v Samuels, 49 NY2d 218; see also, People v Hawkins, 55 NY2d 474, 487, cert denied 459 US 846). Yet nothing was done by the court or any other component of our system, until 48 days after the right to counsel accrued, toward realization of that constitutional and statutorily guaranteed right. A defendant so ignored by those charged with assuring justice must be given an opportunity for redress of any harm which may have been occasioned thereby, and we must seize the opportunity to rectify the wrong of not affording him the advantage of a Grand Jury appearance when that is what he wishes.
*336 This court has the authority to convert the motion herein into one to dismiss the indictment in the furtherance of justice (People v Balukas, 95 AD2d 813; see also, People v Prest, 105 AD2d 1078) and believes that such conversion is the proper course if the defendant wishes to appear before the Grand Jury.
After considering the criteria set forth in CPL 210.40, I conclude that although the defendant is charged with such serious crimes as sodomy in the first degree, I cannot ignore the more compelling factor that the defendant’s right to counsel as guaranteed by the Federal and State Constitutions has been abrogated. Granting dismissal in the furtherance of justice with leave to resubmit (see, CPL 210.20 [4]) to another Grand Jury before whom the defendant will testify, along with a proper securing order pursuant to CPL 210.45 (9), would not affect the security of the community. And, rather than having an adverse affect on the confidence of the community in the criminal justice system, dismissal would enhance such confidence by demonstrating that the courts will not tolerate even the possibility of injustice at the hands of that system.
Were the defendant to now wish an opportunity to testify before the Grand Jury he would have to be accorded that opportunity, and the indictment would have to be dismissed with leave to re-present so as to include the defendant as a witness. Where, as here, he does not wish to testify, then dismissal of the indictment and subsequent re-presentation of all of the evidence to another Grand Jury would be a meaningless exercise having no result other than the penalization of the prosecution and its witnesses who have had no part in denying the defendant his rights. When granting such relief as may be required in furtherance of justice, the court may take lesser action short of dismissal (Matter of Vega v Bell, 47 NY2d 543, 552). After considering the remaining criteria specified in CPL 210.40, the court remained ready to grant the motion to dismiss the indictment in the furtherance of justice with leave to the prosecutor to re-present to another Grand Jury, on condition that the defendant testify before the Grand Jury on resubmission. That order of dismissal would have been effective on the date that the defendant testified.
Inasmuch as the defendant, having had reasonable opportunity to consult with counsel (Nov. 2, 1987 — Jan. 22, *337 1988), will not state that he wishes to appear now before the Grand Jury for the purpose of testifying; and it further appearing that dismissal of the indictment without the prospect of him testifying before a new Grand Jury will serve no just purpose, the motion to dismiss the within indictment is, in all respects, denied.

 Those rights are: To receive a copy of the complaint; to be informed that the primary purpose of the arraignment is to determine whether to hold the defendant for the action of the Grand Jury, and that he may have a prompt hearing on the issue of the sufficiency of the evidence to support such holding; and to have the aid of counsel at every stage of all proceedings (see, CPL 180.10).