■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERROL CILELI and REBECCA BASANK, Respondents.—Appeal by the People from an order of the Supreme Court, Queens County (Friedmann, J.), dated February 11, 1987, which dismissed the indictment.

Ordered that the order is reversed, on the law, the indictment is reinstated, and the matter remitted to the Supreme Court, Queens County, for further proceedings.

On the date scheduled for trial, the People failed to produce the complaining witnesses. Criminal Term sua sponte dismissed the indictment without setting forth its reasons or rationale. We conclude that the court erred in dismissing the indictment.

CPL 210.20 (1) authorizes the dismissal of an indictment on certain enumerated grounds. Those grounds are all inclusive

and do not include the failure to prosecute or calendar control *(People v Douglass,* 60 NY2d 194, 204-205). Criminal Term does not possess the inherent authority to dismiss a criminal action due to a delay in prosecution *(People v Douglass, supra; see, People v O'Sullivan,* 121 AD2d 658, *lv denied* 68 NY2d 815). Thus, Criminal Term lacked the authority to dismiss the indictment herein as a matter of law.

Nor do we find that Criminal Term properly dismissed the indictment in the interest of justice. CPL 210.40 (1) permits dismissal "in furtherance of justice" where some compelling circumstance exists and sets forth 10 factors to be considered in determining whether dismissal is appropriate. The statute mandates that the court set forth its reasons for a dismissal upon the record *(see, People v Rickert,* 58 NY2d 122, 128; *People v Garcia,* 125 AD2d 186, 187). The record before us is insufficient to support a dismissal of the indictment in the interest of justice *(see, People v Henriquez,* 68 NY2d 679, 681; *People v Rickert, supra,* at 133). Under the circumstances, the order appealed from should be reversed and the indictment reinstated. Thompson, J. P., Brown, Lawrence and Weinstein, JJ., concur.