Ordered that the appeal from so much of the order as affects the defendant Antonioli is dismissed as academic, and the indictment is dismissed as to him, as he died during the pendency of this appeal, and the action abated as to him (see, People v Mintz, 20 NY2d 753); and it is further,

Ordered that the order is otherwise reversed, on the law, those branches of the remaining defendants' omnibus motions which were to suppress eavesdropping evidence are denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings (see, People v Penasso, 142 AD2d 691 [decided herewith]). Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANCESCO SCADUTO, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Clabby, J.), dated June 3, 1986, which, after a hearing, granted that branch of the defendant's omnibus motion which was to suppress eavesdropping evidence.

Ordered that the order is reversed, on the law, that branch of the defendants' omnibus motion which was to suppress eavesdropping evidence is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings (see, People v Penasso, 142 AD2d 691 [decided herewith]). Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN SULLIVAN and CHARLES ROBINSON, Respondents.—Appeal by the People from an order of the Supreme Court, Queens County (Friedmann, J.), dated March 26, 1987, which, granted the defendants' motion to dismiss the indictment.

Ordered that the order is reversed, on the law, the defendants' motion is denied, the indictment is reinstated, and the matter remitted to the Supreme Court, Queens County, for further proceedings.

On the date scheduled for trial, the People requested an 11-day adjournment and the court denied that request. The

defendants then orally moved to dismiss the charges against them on the ground of failure to prosecute and the court granted that motion without comment. In its memorandum decision, the court recited that the dismissal was ordered pursuant to CPL 290.10, or, in the alternative, in the furtherance of justice. On the record before us we conclude that the trial court erred in dismissing the indictment.

We view the trial court's reference in its written decision to CPL 290.10 (1) (a), which authorizes entry of a nonappealable trial order of dismissal "upon motion of the defendant" at "the conclusion of the People's case or at the conclusion of all the evidence", as a mischaracterization of its dismissal of the indictment on the grounds of failure to prosecute and in the furtherance of justice. The trial court could not have entered a trial order of dismissal on the merits since a witness had not been sworn and the nonjury trial had not commenced at the time of the dismissal *(see,* CPL 40.30 [1] [b]; *Matter of Holtzman v Goldman,* 71 NY2d 564, 570-571, 574-575). Thus, the dismissal of the indictment under the circumstances presented by this record did not constitute a trial order of dismissal and " ' "the trial judge's characterization of his own action cannot control the classification of the action" ' " *(People v Morales,* 69 AD2d 536, 539, quoting from *United States v Scott,* 437 US 82, 96).

Turning to the merits, the trial court was without inherent or statutory authority to dismiss the indictment due to a delay in prosecution *(see, People v O'Sullivan,* 121 AD2d 658, *lv denied* 68 NY2d 815). Statutory authorization for dismissal of an indictment on enumerated grounds is found in CPL 210.20 (1) which does not include the failure to prosecute or calendar control *(see, People v Douglass,* 60 NY2d 194, 204-205; *People v Cileli,* 137 AD2d 829; *People v Chisholm,* 140 AD2d 534).

Nor do we find that the court properly dismissed the indictment in the interest of justice *(see,* CPL 210.40 [1]). The defendants' oral application did not seek a dismissal in furtherance of justice. Nor were the People provided with notice that the court was contemplating a dismissal in the interest of justice. In its written decision, however, the court inexplicably stated that the "defendants' motion for dismissal in the furtherance of justice" was granted. Whether the dismissal was upon the court's own motion or the defendants' oral motion, there must be strict compliance with the procedural requirements of CPL 210.45, namely, "reasonable and specific notice to the People and a hearing 'in order for there to be full development of the issues and an adequate opportunity for the

People to contest the specific grounds asserted for dismissal' " *(People v Jack,* 117 AD2d 753, 753-754, quoting from *People v Vega,* 80 AD2d 867; *see also, People v Ramos,* 94 AD2d 708).

Dismissal in the interest of justice was improper for the additional reason that the record before us is insufficient to support a dismissal on that basis *(see, People v Rickert,* 58 NY2d 122, 128; *People v Cileli, supra; People v Chisholm, supra).* In support of the dismissal in the interest of justice the trial court sets forth vague and conclusory assertions of prosecutorial misconduct such as "judge shopping" for which we find no support in the record *(see, People v Rickert,* 58 NY2d 122, 128, *supra).*

The defendants' contention that upon denying the request for an adjournment the court was compelled to dismiss the case for lack of meaningful options is unavailing *(see, People v Walsh,* 106 AD2d 482). The court had available a panoply of options short of dismissal including, but not limited to, exercise of its contempt powers or placement of the case on the Reserve Calendar followed by dismissal in the event the speedy trial period elapsed before the People were ready *(see, Matter of Holtzman v Goldman, supra,* at 574-575). Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur. *[See,* 137 Misc 2d 909.]