OPINION OF THE COURT
Philip J. Chetta, J.
Defendant Luther Baxley has been indicted, inter alia, for criminal possession of a controlled substance in the second degree. He now moves for dismissal of the indictment for violation of his right to testify before the Grand Jury pursuant to CPL 190.50 (5).
For the reasons set forth, the court finds that defendant’s *517 rights under CPL 190.50 (5) were not violated and therefore dismissal of the indictment under this section is not warranted.
The facts of the instant case present a unique question on the interrelationship between the defendant’s right to testify and when that right must give way to the defendant’s need for psychiatric observation under CPL article 730. On March 30, 1988, defendant and two others were arrested for criminal possession of a controlled substance in the second degree. Following arraignment on March 31st, the matter was adjourned to Part N for possible disposition. On April 5th, defendant alleges that he spoke with Assistant District Attorneys Schrader and Communiello with regard to the defendant testifying before the Grand Jury. However, due to the questionable state of defendant’s mental health, and the questionable validity of any waiver effectuated by the defendant, the prosecutors refused to allow the defendant to waive immunity and testify before the Grand Jury. However, no indictment was voted on that day by the Grand Jury.
Returning to Part N, the defendant informed the court of the Grand Jury situation indicating that the People had agreed to adjourn any Grand Jury action until Thursday, April 7th. While again indicating the defendant’s desire to testify, defense counsel went on to state, "I feel it is in his best interest to have a 730 Examination. Mr. Communiello would not put Mr. Baxley in front of a Grand Jury, rightfully, because any waiver without such 730 Examination might be deemed invalid and I understand his position. We are asking twofold, for an adjournment until Thursday and for the court to order a 730 Examination.”
The court then adjourned the case to the following day, April 6th, for purposes of determining defendant’s need for psychological evaluation. On April 6th following inquiry by the court, an examination was ordered pursuant to CPL article 730. The court then went on to state,
"I’ll amend the docket not to vote an indictment against this defendant pending the result of the examination.
"I can’t direct them to do so, but if the defendant is desirous of testifying it should be kept open for that purpose.”
On April 7th, the People filed a notice of voted indictment. On May 3rd the CPL article 730 report found the defendant fit to proceed, on May 19th the findings were accepted by the defendant.
*518 CPL 190.50 provides that upon proper notice to the prosecution of his intention to testify, and execution of a waiver of immunity (see, CPL 190.45), the defendant must be permitted to testify before the Grand Jury. This absolute right to testify in one’s own behalf before the Grand Jury is only modified by the provisions of CPL 730.40 which allows a Grand Jury to proceed without benefit of a defendant’s testimony when subsequent to an order of examination pursuant to article 730, the charges contained within the accusatory instrument are presented to the grand jurors for their consideration.
The affidavit submitted by defense counsel, uncontroverted by the People, establishes that the prosecution refused to allow the defendant to testify before the Grand Jury prior to an order of examination being issued by the court.
However, defendant’s right to testify was not violated at this juncture. Initially, as noted by the transcript from Part N, the defendant consented to the Grand Jury presentation being adjourned for two days. Indeed, defense counsel indicated his understanding of the quandary the People found themselves in if they allowed a person whose mental state was brought into question by his own attorney to execute a waiver and proceed to testify before a Grand Jury. Moreover by consenting to the adjournment of the Grand Jury on April 5th for two days, defendant cannot now seek relief long after an indictment has been voted upon and filed with the court. Moreover, and notwithstanding the defendant’s assertions, the fact remains that on April 5th, the indictment was not voted upon and indeed was adjourned by the prosecution for two days.*
On April 6th, the CPL article 730 examination was ordered. At this time defendant’s right to testify before the Grand Jury was divested by the mandate of CPL 730.40 (3). Therefore, the People were well within their rights not to await the testimony of the defendant at this point but to conclude the presentation and seek an indictment by the Grand Jury. Moreover, defense counsel’s request to the Judge in Part N to *519 admonish the People from presenting the case without the defendant’s testimony was insufficient to halt the Grand Jury proceedings. CPL 730.40, while divesting defendant of his rights under CPL 190.50, nonetheless provides a salutary mechanism to protect these rights. This section provides the defendant with the opportunity to make application before the Superior Court that impaneled the Grand Jury (Part N not being the court which impaneled the Grand Jury) to seek the court’s determination of whether the defendant is an incapacitated person and whether his testimony should be heard by the Grand Jury. Indeed, the Judge in Part N specifically stated his inability to prevent the People from proceeding with the Grand Jury presentation. Despite the statutory procedure available and the court’s admission that it lacked authority to halt the proceedings, the defendant failed to avail himself of the procedures available under CPL 730.40 (3).
The court, therefore, finds that given the consent adjournment of the Grand Jury proceedings on April 5th, the order of examination issued on April 6th, and the fact that the Grand Jury presentment was not concluded upon and voted upon until April 7th, the defendant’s rights under CPL 190.50 were not violated by the actions of the People.
Despite the lack of any procedural violations, the court is nonetheless troubled by the fact that the defendant, on more than one occasion, communicated his desire to the People to testify and the fact that the Judge in Part N, clearly aware of the defendant’s predicament, requested that the proceedings be kept open for purposes of the defendant’s testimony. Given this unique situation and the gravity of the crimes which defendant stands accused, an A-II felony carrying a mandatory minimum sentence of three years to life, the court believes that the interest of justice mandates dismissal of the indictment for purposes of allowing the defendant to testify before the Grand Jury.
In People v Balukas (95 AD2d 813), the Appellate Division in upholding the dismissal of an indictment in the interest of justice found that where an order of examination was issued on the same day as the Grand Jury presentation, the defendant’s right to testify was not violated by the People. However, the court went on to state that it would have been difficult under the circumstances for the defendant to have applied to the court that impaneled the Grand Jury to make a determination as to his fitness and his need to testify. As in Balukas, given the close proximity in time between the defen *520 dant’s commitment and the Grand Jury presentation and the defendant’s perhaps mistaken belief, given the court’s request to hold open the proceedings, that he need not seek relief in the Supreme Court that impaneled the Grand Jury, dismissal in the interest of justice is warranted. As stated in Balukas (supra, at 814), "Accordingly, under such unique facts, where there are readily identifiable reasons for the dismissal of the indictment in furtherance of justice, where there is absent a viable assertion of prejudice by the People, and where the People have been given the opportunity to resubmit the matter to a Grand Jury, we conclude that it cannot be said that Criminal Term abused its discretion as a matter of law”.
In the same vein, this court believes dismissal of the indictment is warranted under the circumstances. However, the court does not believe that its discretion should be exercised in a wasteful or useless manner. Therefore any dismissal of the indictment will be delayed until the defendant executes a waiver of immunity and testifies at a re-presentment of this matter.
The court is well aware of the Appellate Division’s decision in Matter of Borrello (112 AD2d 1051), which invalidated a court order conditioning dismissal of an indictment upon a defendant’s testimony before a new Grand Jury. However, Borrello is easily distinguished from the facts of this case. The dismissal in Borrello was predicated upon the People’s violation of defendant’s rights under CPL 190.50. CPL 190.50 mandates that where a court finds the People in violation of the statute, the indictment must be dismissed. Therefore to condition an order dismissing an indictment under CPL 190.50 upon defendant testifying at any re-presentment, is in direct violation of the statute.
In the instant case, the court has not found the People in violation of CPL 190.50, rather the court believes that the interests of justice dictate dismissal of the indictment. Therefore as the court is not relying upon statutory authority but instead its inherent power to dismiss an indictment where justice so requires, it can also fashion the appropriate remedy to meet this goal. A conditional dismissal predicated upon the defendant testifying before the Grand Jury is therefore appropriate and consistent with the decision in Borrello (supra).
Accordingly, defendant’s motion to dismiss the indictment is granted upon defendant appearing before the Grand Jury to which these charges are resubmitted, executing a waiver of *521 immunity and giving testimony before said body. Up and until and in the event of defendant’s failure to testify, the present indictment shall remain in full force and effect.
Upon dismissal, prior bail will be exonerated and new bail fixed in the sum of $1,500, bond or cash. Such new bail is to be posted within 10 days after arraignment upon any new indictment, unless there is written consent by the surety to the continuation of the current bail.

 Given the Court of Appeals recent decisions in People v Higley (70 NY2d 624) and People v Chapman (69 NY2d 497 [1987]) requiring strict adherence to the procedures set forth under CPL 190.45 regarding waiver, the failure of which invests a defendant with full transactional immunity, the People’s concern about the voluntariness of a waiver effectuated by this defendant was well taken. However, whether such concern justified denying the defendant the opportunity to testify need not be decided herein given the facts of the instant case.