OPINION OF THE COURT
Leon A. Beerman, J.
This case presents the important, yet novel, question of what is to be done when a criminal defendant wishes to *1001 exercise his/her right to testify before the Grand Jury which is considering his/her fate, but his/her assigned attorney is engaged on trial in another case and cannot appear before the Grand Jury with the defendant.
Defendant Darris Bizzell is charged in the indictment with assault in the first degree and 21 lesser, related counts. By way of omnibus motion, she has moved this court for, inter alia, an order dismissing the indictment on the ground that she was denied her right to testify before the Grand Jury that indicted her.
On the basis of the written submissions of the parties and court records, the court determines that a hearing is not necessary, and makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
Between June 1, and October 24, 1988, defendant was the foster mother of the complainant, Charrone Taylor. Charrone had reached the age of three years on March 23, 1988.
The indictment alleges that defendant physically abused Charrone on several occasions during the period defendant was her foster mother. Although the alleged abuse was apparently discovered when defendant brought Charrone to the hospital on October 24, 1988, no criminal action was instituted against defendant until she was arrested on March 30, 1989. Defendant is 35 years old, and had never before been arrested.
Defendant was arraigned in Criminal Court on a felony complaint on March 31. She was appointed a Legal Aid attorney, and the matter was adjourned until April 10.
On April 10, the court, for some reason not in the record before this court, relieved the Legal Aid Society as defendant’s counsel, and appointed Gerald Arougheti, Esq. as defendant’s attorney pursuant to article 18-B of the County Law. Also on the 10th, the District Attorney’s Office was advised of defendant’s intention to testify before the Grand Jury. The case was then adjourned to May 15 to await the result of the Grand Jury action.
On April 10, the Grand Jury proceeding commenced.
On April 12, the District Attorney’s Office advised Mr. Arougheti that the defendant was to appear before the Grand Jury on April 14 if she still desired to testify.
On April 14, the People completed their presentation of *1002 evidence before the Grand Jury. As Mr. Arougheti was engaged on trial in this county in another case on that date, defendant appeared alone at the Grand Jury area on the 14th. The District Attorney’s Office would not let her appear before the Grand Jury in the absence of counsel. She was advised to have her attorney contact the District Attorney’s Office so that a waiver of immunity and, if necessary, of defendant’s right to have counsel present at her Grand Jury testimony, could be effected in the presence of counsel in anticipation of defendant’s testifying on April 18.
However, Mr. Arougheti, whose other trial was still in progress, did not contact the District Attorney’s Office, and so defendant again appeared in the Grand Jury area alone on the 18th. Once again, she was not permitted to testify in the absence of counsel.
On April 19, the District Attorney’s Office advised Mr. Arougheti that the following day was the last day of the Grand Jury’s term, and that the Grand Jury would vote on the case on the 20th with or without defendant’s testimony. Mr. Arougheti responded that his trial was still in progress, and consented that defendant be allowed to testify in his absence.
On April 20, defendant was not permitted to testify without counsel and the Grand Jury voted the instant indictment.
The indictment charges defendant with 22 counts, including assaulting and recklessly endangering Charrone with a belt with a buckle, "scalding water,” and "a cutting instrument.” The evidence adduced to sustain the indictment shows merely that Charrone sustained various injuries all over her body during the five months she was in defendant’s custody, and that defendant beat her with a belt with a buckle on her back and buttocks during this period.
CONCLUSIONS OF LAW
Defendant has moved to dismiss the indictment on the ground, inter alia, that she was denied her right to testify before the Grand Jury that indicted her. When a defendant advises the District Attorney that she desires to so testify she must be afforded "a reasonable time” to exercise that right. (CPL 190.50 [5] [a].) If she is not provided a reasonable opportunity to testify, the indictment must be dismissed. (CPL 190.50 [5] [c]; 210.20 [1] [c]; 210.35 [4].)
In the instant case, defendant was offered three opportuni *1003 ties to testify. Each time she appeared without counsel. The People were quite right in preventing her attempt to testify without a waiver of her right to counsel made in the presence of counsel. (People v Chapman, 69 NY2d 497, 500-504 [1987]; People v Lattanzio, 134 Misc 2d 469, 472 [Sup Ct, Queens County 1987]; People v Knaak, 112 Misc 2d 83, 85-86 [Ontario County Ct 1981].)
Nor can the District Attorney be faulted for commencing the Grand Jury proceeding at a time which conflicted with defense counsel’s schedule, since counsel did not advise the District Attorney’s Office in advance that he would be unavailable during the Grand Jury term in question. (Contrast, People v Young, 137 Misc 2d 400, 401 [Sup Ct, Nassau County 1987].)
However, at least one court would apparently find fault with the prosecutor in failing to extend the term of the Grand Jury so that the same Grand Jury that heard the People’s evidence against defendant could have heard defendant’s testimony at some later time when defense counsel was available. (See, People v Diaz, 137 Misc 2d 181, 182-183 [Sup Ct, Bronx County 1987].)
On the other hand, the Appellate Division, Second Department, has taken the position that a defendant whose retained counsel is engaged on trial elsewhere but who appears in court with counsel’s associate is only entitled to a few short adjournments, apparently during the same Grand Jury term, in the hope that counsel’s other trial will end, absent which the defendant must appear before the Grand Jury with counsel’s associate in place of retained counsel. (People v Ferrara, 99 AD2d 257, 260-261 [2d Dept 1984].) It cannot be known for certain what position the Second Department would take on the question of the alleged denial of a defendant’s right to testify where his counsel is assigned and no associate of counsel appears with the defendant in court. (But see, People v Lincoln, 80 AD2d 877 [2d Dept 1981] [defendant denied his right to testify before Grand Jury where his assigned counsel did not appear with him at the Grand Jury because counsel believed there was a conflict of interest in his representing defendant].)
In any event, this court need not, at this juncture, decide whether the People are to be faulted in this case, or whether defendant was otherwise denied her right to testify before the Grand Jury that indicted her. Nor need the court at this point decide that portion of defendant’s omnibus motion which, in *1004 light of the court’s examination of the Grand Jury minutes, makes a serious challenge to the sufficiency of those minutes to support the indictment.
Instead, the court is of the view that defendant’s motion papers should be deemed to request a conditional dismissal of the indictment in furtherance of justice on the ground that defendant was denied her right to the assistance of counsel at the Grand Jury stage, with the condition being that defendant actually testify should the People choose to re-present the case to a new Grand Jury. (People v Baxley, 140 Misc 2d 516, 520 [Sup Ct, Queen County 1988]; People v Lynch, 138 Misc 2d 331, 336 [Sup Ct, Kings County 1988]; see, People v Stevens, 151 AD2d 704, 705 [2d Dept 1989]; People v Balukas, 95 AD2d 813, 814 [2d Dept 1983]; CPL 210.20 [1] [i]; [4]; 210.40.)
In Balukas (supra), the defendant was being examined for fitness to proceed pursuant to CPL article 730 at the time of the Grand Jury presentation, and thus he was prevented from testifying before the Grand Jury that indicted him. Although the Second Department noted that CPL 730.40 (3) "clearly” takes away the absolute right to testify before the Grand Jury from a defendant being examined for fitness to proceed, and that there was "no indication of improper conduct on the part of the People”, the appellate court nevertheless held that the trial court acted properly in dismissing the indictment " 'in the interest of justice’ ” or "in furtherance of justice” where "the defendant’s request to appear before the Grand Jury was made in good faith”, where, based on the nature of the case and the evidence adduced before the Grand Jury, the "defendant’s interest in testifying would be considerable * * * where there is absent a viable assertion of prejudice by the People, and where the People have been given the opportunity to resubmit the matter to a Grand Jury”. (95 AD2d, supra, at 813-814.)
In Baxley (supra), the court was faced with the same issue confronted by the trial court in Balukas (supra). Relying on and extending Balukas, the Baxley court deemed the defendant’s motion to dismiss on the ground that he was denied his right to testify, to be a motion to conditionally dismiss the indictment "in the interests of justice,” with the condition being that defendant actually testify upon re-presentment. The Baxley court granted the motion. (140 Misc 2d, supra, at 518-521.)
In Lynch (supra), the defendant was assigned counsel only *1005 for the purpose of Criminal Court arraignment, and was without counsel, through no fault of his own, until an attorney was assigned to him for arraignment upon the indictment. The Lynch court found that defendant was not denied his right to testify, since he never gave notice of his intention to testify. Nevertheless, relying on Balukas (supra), the court deemed defendant’s motion to dismiss on the ground that he was denied his right to testify before the Grand Jury, to be one seeking dismissal in furtherance of justice, and held that, since defendant was denied his right to assistance of counsel at the Grand Jury stage, he had the right to a conditional dismissal of the indictment. (138 Misc 2d, supra, at 332-337.)
Finally, in Stevens (supra, at 704), the Appellate Division, Second Department, dismissed an indictment "on the facts and as a matter of discretion in the interest of justice” where the defendant appeared at arraignment in Criminal Court with assigned counsel and advised the District Attorney that he intended to testify, but assigned counsel did not appear with defendant when he fruitlessly tried to testify before the Grand Jury that indicted him. The appellate court noted that "[t]here is no explanation in the record as to why the defendant’s * * * [assigned] attorney did not appear at the Grand Jury proceedings although, notably, there is no indication that either the defendant or his attorney was seeking to thwart or delay the proceedings.” Thus, concluded the appellate court, "the defendant was deprived of his constitutional right to assistance of counsel at the Grand Jury proceedings,” requiring dismissal with leave to resubmit. (151 AD2d, supra, at 705.)
In the instant case, even though it is certainly arguable that, as in Balukas, Baxley, Lynch, and Stevens (supra), the People are in no way to be faulted for defendant’s predicament, a dismissal is nevertheless required. As in those cases, defendant was also not to blame for her predicament, and the record shows a good-faith desire on defendant’s part to testify, not to hinder the proceedings. Particularly given the questionable sufficiency of the evidence adduced before the Grand Jury, it would certainly have been in defendant’s interest to explain to the Grand Jury, if she could, that Charrone’s injuries were not caused by defendant. Finally, the court perceives no prejudice to the People in requiring a resubmission, particularly since the People took almost six months to begin the original Grand Jury presentation after the alleged abuse was apparently discovered.
*1006 Accordingly, defendant’s motion to dismiss the indictment is granted on condition that, should the People exercise their right now granted them to resubmit the case to a new Grand Jury, defendant properly waives immunity and testifies before that body. In the event that defendant does not so waive and testify, the instant indictment shall be deemed reinstated.