■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD MOORE, Respondent.—

The indictment filed against the defendant charged him, along with two other individuals, *inter alia,* with the crime of criminal sale of a controlled substance in the third degree. On the morning of August 8, 1988, the defendant appeared with counsel before the Supreme Court for a nonjury trial. After the prosecutor's request to adjourn the commencement of the trial until 2:00 P.M. that afternoon, the court immediately dismissed the indictment as against the defendant upon his generalized application therefor, without explanation.

The dismissal of the indictment as against the defendant was patently improper, inasmuch as it was not based upon one of the grounds enumerated in CPL 210.20 (1), nor did it satisfy the requirements for a dismissal in the interest of justice pursuant to CPL 210.40 (1) (see, People v Sullivan, 142 AD2d 695; People v Cileli, 137 AD2d 829). Moreover, the court was without any inherent or statutory authority to dismiss the indictment for reasons of calendar control or a perceived failure to prosecute (see, People v Douglass, 60 NY2d 194; see also, Matter of Holtzman v Goldman, 71 NY2d 564; Matter of Morgenthau v Roberts, 65 NY2d 749; People v O'Sullivan, 121 AD2d 658). We note that this Trial Judge has been reversed in two recent cases (see, People v O'Sullivan, supra; People v Cileli, supra) on this very basis and we strongly caution against similar rulings in· the future.

The defendant advocates an alternative ground for affirmance on this appeal. We note that we are precluded from reviewing the defendant's argument (see, CPL 470.15 [1]; People v Goodfriend, 64 NY2d 695). Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.