The People of the State of New York, Appellant, v Sandra Guzman, Respondent.

Second Department, May 31, 1991

---

### APPEARANCES OF COUNSEL

*John J. Santucci, District Attorney (Andrew Zwerling* of counsel), for appellant.

*Murray Cutler (Elan Gerstmann* of counsel), for respondent.

### OPINION OF THE COURT

BALLETTA, J.

In the case at bar, the trial court dismissed the indictment

on the motion of the defendant, claiming that it had an inherent power to do so in the interest of justice. The dismissal of the indictment was not pursuant to CPL 210.20 (1) or 210.40, nor was it predicated upon any statutory violation under CPL 190.50, nor was it based upon any other statutory authority. We conclude that the indictment must be reinstated since, in the absence of any statutory basis for its dismissal, the trial court possessed no inherent power to dismiss it.

Shortly before May 3, 1989, the defendant's husband gave her several closed suitcases and told her that if anything should happen to him, she should put them away and leave the house, as her life would be in danger. On May 3, 1989, when she discovered that her husband had been murdered, the defendant took a suitcase to her friend Eileen Haiduk's apartment and asked Haiduk to hold it. The following day, the defendant telephoned Haiduk and told her that if the police called her, she was not to tell them that she had any of the defendant's possessions—i.e., the suitcase. After hanging up the telephone, Haiduk pried open the suitcase and discovered money, guns and a substance that had the appearance of cotton balls inside plastic bags. Haiduk informed the police as to what had transpired, and when they arrived at her apartment, they recovered 4 guns and 12 plastic bags containing a little over 11¾ ounces of cocaine.

Initially, when the defendant was notified that she had a right, pursuant to CPL 190.50 (5) (a), to appear before the Grand Jury, she declined to do so. In addition, since a ballistics report on the four guns was not yet available at the time of the first Grand Jury presentation, there was no request to indict on any weapons charges. Accordingly, the defendant was only charged with criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the second degree under indictment number QN11672/89.

On June 22, 1989, the case appeared before Justice Pitaro for purposes of bail review, and at that time, the defendant advised the court that she wanted to testify before the Grand Jury, since it was her understanding that "the indictment is going to be resubmitted". The People responded that they "would honor counsel's request to put his client into the Grand Jury when the case is resubmitted on the matter of the firearms which were found with the cocaine".

Subsequently, the People presented only the weapons charges to the Grand Jury, and the defendant testified with respect to the guns found in the suitcase. The Grand Jury did not indict the defendant on any weapons violations. On or about December 5, 1989, the defendant moved, pursuant to CPL 210.40, for dismissal of the indictment in the interest of justice. The People opposed.

By order dated April 2, 1990, the Supreme Court dismissed the indictment with leave to re-present to the same or another Grand Jury, noting that the defense counsel was under the impression that the entire matter, and not just the weapons charges, was to have been resubmitted to the Grand Jury. The court rejected any CPL 210.40 basis for the defendant's motion, since it failed to find "some compelling fact or circumstance which would justify the outright dismissal of the instant indictment". However, the court went on to dismiss the indictment, claiming an inherent power to do so, on the condition that the defendant testify before the Grand Jury upon resubmission of all of the charges. The court expressly stated that its decision was not predicated upon any statutory violation under CPL 190.50.

On appeal, the People contend that the order dismissing the indictment was erroneous, asserting that no statutory basis for dismissal existed and that the trial court did not possess an "inherent" power to dismiss the indictment. In response, the defendant argues that the order dismissing the indictment was not erroneous because trial courts possess an "inherent" power to dismiss an indictment where justice so requires. The People are correct.

While it is recognized that trial courts are vested with the statutory power to dismiss indictments, that power is not unlimited. The Criminal Procedural Law carefully specifies the instances in which the Legislature has granted the trial courts the power to dismiss an indictment prior to trial (see, *Matter of Holtzman v Goldman*, 71 NY2d 564, 570). CPL 210.20 (1) authorizes the dismissal of an indictment on specifically enumerated grounds. *"Those grounds are all inclusive"* (*People v Cileli*, 137 AD2d 829 [emphasis added]; see also, *People v Moore*, 158 AD2d 721). CPL 210.40 (1) permits dismissal "in furtherance of justice" where some compelling circumstance exists, and lists 10 factors to be considered in determining whether dismissal is appropriate. That statute also mandates that the court set forth its reasons for a dismissal upon the record (see generally, *People v Rickert*, 58

NY2d 122, 128; *People v Cileli, supra,* at 830). Furthermore, "[t]he trial court's discretion to dismiss in the interest of justice, should be 'exercised sparingly' and only in that 'rare' and 'unusual' case where it 'cries out for fundamental justice beyond the confines of conventional considerations' " *(see, People v Insignares,* 109 AD2d 221, 234, quoting from *People v Belge,* 41 NY2d 60, 62-63; *see also, People v Ortiz,* 152 AD2d 755).

By way of analogy, it is settled that the trial courts do not possess any authority, either statutory or *inherent,* to dismiss an indictment due to a delay in prosecution or for calendar control reasons, absent speedy trial considerations *(see, Matter of Holtzman v Goldman, supra,* at 573; *People v Douglass,* 60 NY2d 194, 206; *People v Moore, supra; People v Sullivan,* 142 AD2d 695, 696; *People v Cileli, supra).*

Since the Supreme Court did not dismiss the indictment for failure to prosecute or for calendar control reasons, we must determine whether the rationale for rejecting any inherent power to dismiss indictments as expressed in *Matter of Holtzman v Goldman (supra)* applies to the situation herein. The Court of Appeals, in *Matter of Holtzman v Goldman (supra,* at 573), explained: "[In *People v Douglass,* 60 NY2d 194 we] reversed orders dismissing the complaints, concluding that courts did not have statutory power to dismiss the subject proceedings and that they had never possessed inherent power to do so, even in the interests of justice. Indeed, we noted that for many years the Legislature resisted giving the judiciary power to dismiss an accusatory instrument, even on interest of justice grounds".

Thus, the Court of Appeals has rejected the notion that the trial courts have an inherent right to fashion a dismissal in the absence of statutory authority, and the Legislature has quite clearly limited the grounds upon which a pretrial order of dismissal can be procured *(see, Matter of Holtzman v Goldman, supra; People v Douglass, supra).*

The defendant relies solely on *People v Baxley* (140 Misc 2d 516), cited by the trial court herein, for the proposition that a trial court has an inherent power to dismiss an indictment conditioned upon the defendant's appearance before the Grand Jury upon re-presentation. In *People v Baxley (supra),* the defendant was indicted, *inter alia,* for criminal possession of a controlled substance in the second degree, and moved to dismiss the indictment for violation of his right, pursuant to

CPL 190.50, to testify before the Grand Jury. The court in *People v Baxley (supra,* at 520), determined: "[T]he court has not found the People in violation of CPL 190.50, rather the court believes that the *interests of justice* dictate dismissal of the indictment. Therefore as the court is not relying upon statutory authority but instead its *inherent power* to dismiss an indictment where justice so requires, it can also fashion the appropriate remedy to meet this goal. A conditional dismissal * * * is therefore appropriate and consistent with the decision *[Matter of Borrello v Balbach,* 112 AD2d 1051]" (emphasis supplied).

In view of the fact that the Trial Judge explicitly stated that he lacked statutory authority and relied on the interest of justice to dismiss the indictment, the holding in *Baxley (supra)* must be viewed as being erroneous, given the language of the Court of Appeals in *Matter of Holtzman (supra,* at 575), to wit: "[W]hen a trial court dismisses a prosecution in the interest of justice—as the trial court here appears to have done, citing 'basic equity' principles * * * it must follow CPL 210.40, stating the basis for its ruling and entering an appealable order. The trial court's failure to follow the statute is what requires reversal here, a determination involving nothing more than a straightforward application of settled law".

Moreover, the *Baxley* court's reasoning that a conditional dismissal was consistent with this court's earlier ruling in *Matter of Borrello v Balbach* (112 AD2d 1051, *supra)* is also erroneous. In *Matter of Borrello v Balbach (supra,* at 1053), this court clearly and unequivocally held that "where a person is entitled to relief under CPL 190.50 (5), the only proper remedy is outright dismissal of the indictment". This court also explicitly stated that "[a]lthough the People may in such event apply to the court for leave to resubmit the charges to the same or another Grand Jury pursuant to CPL 210.20, there is no statutory basis for fashioning such conditional orders as the one at bar where dismissal of an 'invalid' indictment is made contingent upon the defendant appearing before the Grand Jury when the charges are re-presented" *(Matter of Borrello v Balbach, supra,* at 1052-1053; *see also, People v Gini,* 72 AD2d 752).

It is clear that the Trial Judge's express reliance on the decision in *Baxley (supra)* is misplaced. The Trial Judge lacked any statutory authority to dismiss the indictment herein and impermissibly invoked the interest of justice. Since the Trial

Judge failed to follow CPL 210.40, expressly stated that he found no compelling factors or circumstances warranting outright dismissal, and expressly found no violation of CPL 190.50, the order must be reversed, the motion denied, and the indictment reinstated.

BROWN, J. P., KUNZEMAN and EIBER, JJ., concur.

Ordered that the order is reversed, on the law, the defendant's motion to dismiss the indictment in the interest of justice is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.