■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v TERRANCE SINGH, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Rutledge, J.), dated March 19, 1990, which granted the defendant's motion to dismiss Queens County Indictment No. 6335/89.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

On the scheduled trial date, the People requested a three to four week adjournment in order to produce the complainant who had not appeared despite several attempts by the prosecutor to secure his attendance for trial. The court denied this request, and granted the defendant's oral motion to dismiss the indictment on the ground of the "People's inability to proceed".

The dismissal of the indictment was clearly improper as it was not based upon any of the grounds enumerated in CPL 210.20 (1) and did not satisfy the requirements for dismissal in the interest of justice pursuant to CPL 210.40 (1) (see, People v Moore, 158 AD2d 721, 722; People v Sullivan, 142 AD2d 695). Moreover, the court was without authority to dismiss the indictment because of a perceived failure to prosecute, or for reasons of calendar control (see, People v Douglass, 60 NY2d 194; People v Moore, supra). Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.