■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY MERLO, Respondent.—Appeal by the People from an order of the County Court, Orange County (Byrne, J.), dated

August 30, 1991, which granted the defendant's motion to dismiss Orange County Indictment Number 90-00274.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the County Court, Orange County, for further proceedings.

On the scheduled trial date, the People requested an adjournment in order to secure the attendance of the complaining witness, who had left the State on vacation. The defendant opposed the request for an adjournment, and made an oral application for dismissal of the indictment, arguing that the People had failed to make diligent efforts to ensure that the complainant would be present for the trial. The County Court agreed, and granted the defendant's motion to dismiss the indictment, stressing that the prosecutor had been afforded sufficient notice of the scheduled trial date, and had failed to give the complainant adequate notice of the need for his appearance.

Contrary to the defendant's contention, the dismissal of the indictment was clearly improper as it was not based on any of the grounds enumerated in CPL 210.20 (1) and did not satisfy the requirements for dismissal in the interest of justice pursuant to CPL 210.40 (1) (see, Matter of Holtzman v Goldman, 71 NY2d 564; People v Roesch, 163 AD2d 429; People v De Carr, 158 AD2d 912). Moreover, in the absence of speedy trial considerations, the court was without authority to dismiss the indictment because of a delay in prosecution, or for reasons of calendar control (see, Matter of Holtzman v Goldman, supra; People v Douglass, 60 NY2d 194, 206; People v Singh, 174 AD2d 638; People v Guzman, 168 AD2d 154). Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.