[—— NYS2d ——]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GUS
FRANCO, Respondent.

Second Department, April 11, 1994

### APPEARANCES OF COUNSEL

*Richard A. Brown, District Attorney* of Queens County, Kew Gardens *(Barbara D. Underwood, Steven J. Chananie* and *Nicoletta J. Caferri* of counsel), for appellant.

*Harold Borg,* Kew Gardens *(Edwin Ira Schulman* on the brief), for respondent.

### OPINION OF THE COURT

PIZZUTO, J.

We are presented with the novel question of whether an indictment must be dismissed when the identical charges are re-presented in a subsequent Grand Jury proceeding and rejected. In this case, after the first Grand Jury voted a true bill against the defendant and an indictment was filed, the prosecution commenced a subsequent Grand Jury proceeding in an effort to indict the defendant on additional charges. However, rather than submitting only the additional charges to the second Grand Jury, the prosecutor opted to also re-present the charges which had been presented to the first Grand Jury. The second Grand Jury voted a no true bill, thereby rejecting all charges, and the Supreme Court thereafter granted the defendant's motion to dismiss the indictment. We affirm, and hold that where the People resubmit charges in a subsequent Grand Jury proceeding, the rejection of those charges by the second Grand Jury effectively nullifies the action of the first Grand Jury, rendering the original indictment invalid and thereby creating a "legal impediment" to the conviction of the defendant for the offenses charged (CPL 210.20 [1] [h]).

I.

After a true bill was voted, Queens County indictment number 8101/91 was filed, charging the defendant with one count of murder in the second degree, two counts of assault in the first degree, two counts of assault in the second degree, and one count of criminal possession of a weapon in the fourth degree, stemming from a December 21, 1991 melee which resulted in the death of one victim and injury to another. Thereafter, the Supreme Court denied the defendant's motion to dismiss the indictment, except as to count three, charging assault in the first degree, which was dismissed.

Approximately 10 months after the original indictment was filed, the prosecution re-presented all of the charges to a second Grand Jury. Further, the People sought to indict the defendant on additional charges, including manslaughter in the first degree, as well as several first and second degree assault counts positing theories of criminal responsibility which had not been presented to the first Grand Jury. The People's witnesses before the second Grand Jury were the same as those who had testified during the initial Grand Jury proceedings, with the exception of one unavailable witness. Further, while the defendant had not testified before the first Grand Jury, he exercised the right to testify before the second Grand Jury. After considering all the evidence, the second Grand Jury voted a no true bill, thereby rejecting all of the charges against the defendant. The defendant subsequently moved to dismiss the original indictment.

In the order appealed from, the defendant's motion was granted by the Supreme Court, Queens County (Eng, J.), which held: "the second jury's decision not to indict on any of the ten charges submitted (notwithstanding the inescapable fact that the District Attorney was under no obligation, legal or otherwise, to submit any of the five charges that remained from the first indictment) created a legal nullification of the first indictment rendering it invalid". The court concluded that this invalidation of the indictment created a "legal impediment" to the conviction of the defendant for any of the counts charged therein, thus requiring dismissal of the indictment pursuant to CPL 210.20 (1) (h).

## II.

The People urge, *inter alia,* that the Supreme Court was without authority to dismiss the indictment because the Criminal Procedure Law does not specifically provide a mechanism by which an indictment can be dismissed as the result of a second Grand Jury's conflicting determination. The People correctly note that trial courts cannot dismiss indictments or individual counts therein absent specific statutory authorization *(see, Matter of Holtzman v Goldman,* 71 NY2d 564, 570). Indeed, the Criminal Procedure Law has carefully specified the instances in which the Legislature has granted trial courts the power to dismiss indictments *(see, Matter of Holtzman v Goldman, supra,* at 570). Statutory authorization for the pre-trial dismissal of an indictment is found in CPL 210.20, which provides:

"After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that:

"(a) Such indictment or count is defective, within the meaning of section 210.25; or

"(b) The evidence before the grand jury was not legally sufficient to establish the offense charged or any lesser included offense; or

"(c) The grand jury proceeding was defective, within the meaning of section 210.35; or

"(d) The defendant has immunity with respect to the offense charged, pursuant to section 50.20 or 190.40; or

"(e) The prosecution is barred by reason of a previous prosecution, pursuant to section 40.20; or

"(f) The prosecution is untimely, pursuant to section 30.10; or

"(g) The defendant has been denied the right to a speedy trial; or

"(h) There exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged; or

"(i) Dismissal is required in the interest of justice, pursuant to section 210.40".

We have previously held that the grounds enumerated in CPL 210.20 (1) "are all inclusive" *(People v Cileli,* 137 AD2d 829; *see also, People v Guzman,* 168 AD2d 154, 156).

Contrary to the People's contention, we find that CPL 210.20 (1) (h) provided the Supreme Court with the requisite legislative authorization to dismiss the indictment. Paragraph (h) authorizes the dismissal of an indictment on the ground that there exists a "legal impediment to conviction of the defendant for the offense charged" (CPL 210.20 [1] [h]). This paragraph is a "dragnet" or "catch-all" provision which authorizes dismissal of an indictment on grounds not specifically mentioned in the other paragraphs of CPL 210.20 (1) *(see, People v Goodman,* 31 NY2d 262, 269, n; *People v Frisbie,* 40 AD2d 334, 336). Thus, although the Legislature may not have specifically provided for the dismissal of an indictment under the circumstances presented herein, the "catch-all" provision of CPL 210.20 (1) (h) nevertheless empowered the Supreme Court to dismiss the subject indictment *(see, People v Goodman, supra).* Having concluded that the Supreme Court was statutorily authorized to dismiss the indictment, we turn now

to the question of whether the court acted properly in the exercise of its authority.

## III.

Article I (§ 6) of our State Constitution guarantees that "no person shall be held to answer for a capital or otherwise infamous crime * * * unless on indictment of a grand jury" *(see, People v Ford,* 62 NY2d 275, 280; *People v Iannone,* 45 NY2d 589, 594). Essentially, the Grand Jury performs the dual function of protecting individuals from needless and unfounded prosecutions, and of investigating criminal activity to determine whether sufficient evidence exists to accuse a citizen of a crime *(see, People v Pelchat,* 62 NY2d 97, 104; *People v Ford,* 62 NY2d 275, 282, *supra).* In considering the nature of the Grand Jury's function, the following analysis, rendered by this Court in *People v Dykes* (86 AD2d 191, 195), is instructive: "In a very real sense the Grand Jury may be said to represent the 'common sense' or consensus of the entire community. (See *People v Neidhart,* 35 Misc 191, 192.) * * * *The dismissal of a charge by the Grand Jurors after a full hearing, such as took place in this case, must be taken as establishing as a fact that the evidence was not of sufficient credible worth to warrant a prosecution and should not be presented to a petit jury.* Such a finding by the Grand Jury is justly entitled to great weight and prosecutors and Judges are not privileged to substitute their judgment for that of the Grand Jury. Indeed, a determination by the Grand Jury that the evidence before it does not warrant an indictment should end the matter and there should not be a resubmission unless it appears, for example, that new evidence has been discovered since the former submission; that the Grand Jury failed to give the case a complete and impartial investigation; or that there is a basis for believing that the Grand Jury otherwise acted in an irregular manner" (emphasis supplied).

Here, we are presented with polar determinations made by successive Grand Juries. The second Grand Jury, after hearing the defendant's testimony, wholly rejected the charges which had been accepted by the prior Grand Jury. Given this procedural course, the effect to be given the second Grand Jury's determination and the bounds of its province are necessarily called into question. Undoubtedly, the above-quoted language from *People v Dykes (supra),* is not controlling herein. However, we hasten to note that the issue with which

we are presented is apparently one of first impression. Although *Dykes* may be factually dissimilar from the case at hand, we find the reasoning evident therein applies with like force under these circumstances. That is, the no true bill voted by the second Grand Jury, after a full hearing and consideration of the identical charges presented to the first Grand Jury, must be taken as establishing that the evidence was insufficient to warrant a prosecution and should not be presented to a petit jury. To subsequently permit the prosecution to proceed under the initial indictment would obviate the second Grand Jury's determination, effectively rendering it a nullity. Such a result would impermissibly tread upon the function and province of the second Grand Jury, whose failure to vote a true bill on any of the submitted charges was a complete rejection of the People's evidence. Absent a clear constitutional or legislative expression, such as that exemplified by CPL 190.75 (3) (authorizing the resubmission of charges which have been dismissed by a Grand Jury), the power of the Grand Jury to decisively abort criminal proceedings against an individual may not be infringed upon or in any way curtailed *(see generally, People v Talham,* 41 AD2d 354, 355; *see also, People v Ryback,* 3 NY2d 467; *People v Stern,* 3 NY2d 658).

Accordingly, under the circumstances presented herein, we hold that the second Grand Jury's action effectively nullified the action of the first Grand Jury, rendering the original indictment invalid and thereby creating a "legal impediment" to the conviction of the defendant for the offenses charged (CPL 210.20 [1] [h]). Consequently, dismissal of the indictment was required and resubmission of the charges to a subsequent Grand Jury is barred *(see,* CPL 210.20 [4]).

We note that under ordinary circumstances, the conclusion reached herein will not unduly burden the prosecution of criminal cases. Indeed, the proper method for pursuing additional charges against a defendant who is already subject to an indictment is to submit only the additional charges to the second Grand Jury. If a true bill is voted on the additional charges, and the charges are "joinable" with the initial charges, a consolidation would ensure that all of the charges are tried together *(see,* CPL 200.20). Here, the People acknowledge that a consolidation would have been mandatory had such a procedural course been followed. However, the People declined to follow this path. In so doing, they have charted their own course, and may not now intrude upon the province

of the second Grand Jury by continuing the criminal prosecution of the defendant.

ROSENBLATT, J. P., MILLER and LAWRENCE, JJ., concur.

Ordered that the order is affirmed.