■ PEOPLE OF THE STATE OF NEW YORK, Appellant, v TRACEY PUGH, Respondent. [615 NYS2d 912] —Appeal by the People from an order of the County Court, Nassau County (Belfi, J.), dated December 9, 1992, which granted the defendant's motion to dismiss the indictment for failure to accord the defendant an opportunity to appear and testify before the Grand Jury, on the ground that the dismissal was warranted in the interest of justice pursuant to CPL 210.20 (1) (i).

Ordered that the order is reversed, on the law, the defendant's motion is denied, the indictment is reinstated, and the matter is remitted to the County Court, Nassau County, for further proceedings.

We agree with the County Court that the prosecutor did not deprive the defendant of his right to testify before the Grand Jury, so that dismissal of the indictment was not warranted under CPL 190.50, 210.20 and 210.35. Here, the prosecutor notified defense counsel on Friday, August 7, 1992, of her intention to present the case to the Grand Jury on Tuesday, August 11, 1992. The defendant was therefore accorded "a reasonable time to exercise his right to appear as a witness therein" (CPL 190.50 [5] [a]).

However, the County Court ruled that, in the interest of justice, the defendant should be accorded another opportunity to appear before the Grand Jury, and dismissed the indictment in the interest of justice, with leave to re-present. Since the defendant did not seek dismissal of the indictment in the interest of justice, the prosecution was not put on reasonable

notice that that remedy was being considered by the court. Thus, the court was not authorized to dismiss the indictment in the interest of justice *(see,* CPL 210.20 [1] [i]; 210.45; *see, Matter of Holtzman v Goldman,* 71 NY2d 564, 572-573; *People v Sullivan,* 142 AD2d 695, 696).

In addition, even had the defendant properly moved to dismiss in furtherance of justice, the court's dismissal on that ground, without any reference to the statutory factors that could justify such a dismissal *(see,* CPL 210.40 [1]), or indeed without in any fashion articulating on the record the reasons for its dismissal, was improper *(see,* CPL 210.40 [3]; *see, People v Merlo,* 183 AD2d 730; *People v Guzman,* 168 AD2d 154; *People v Roesch,* 163 AD2d 429; *People v Field,* 161 AD2d 660).

We note that, in any event, this case is not a candidate for dismissal in the interest of justice under any of the criteria enumerated in CPL 210.40. Lawrence, J. P., O'Brien, Friedmann and Krausman, JJ., concur.