OPINION OF THE COURT
Dominic R. Massaro, J.
Defendant moves to dismiss the indictment for inability to exercise his right of appearance before the Grand Jury as a witness in his own behalf. The motion is denied.
Antonio Velasquez was arrested on March 20, 1989. He is charged with assault in the second degree (Penal Law § 120.05 [3]) and assault in the third degree (Penal Law § 120.00 [1]) as well as with resisting arrest (Penal Law § 205.30). Defendant was arraigned on those charges in Criminal Court on March 24, 1989. Defense counsel states she reserved the defendant’s *562 right to testify at the Grand Jury proceedings on that occasion.
COURT PROCEEDINGS
The matter was adjourned various times. On May 3, 1989, counsel informed the court that Mr. Velasquez was hospitalized as an inpatient at Metropolitan Hospital. Defendant could not make the court date. His counsel sought, but was not able to ascertain, the People’s attorney assigned to prosecute the case to inform him or her of the difficulties the defendant’s alleged mental condition would have on going forward. The case was adjourned to June 14, 1989. On said date, the court was advised of defendant’s continued presence in the hospital. The case was again adjourned to August 2, 1989.
On July 31, 1989, the defense counsel states she first had opportunity to learn, by letter from the District Attorney’s office (dated July 19, 1989), that the herein matter had been presented to a panel of the Grand Jury. Said panel was to end on August 4, 1989. Defense counsel was asked to inform Assistant District Attorney Clare D. Cullen, in writing as required by statute, if the defendant wished to testify before the panel. Counsel felt it was impossible for the defendant to testify as long as he was hospitalized, and sets forth that she informed Ms. Cullen by telephone, accordingly.
On August 7, 1989, the defendant was indicted. He was still hospitalized on said date. After various additional delays, the defendant was arraigned in Supreme Court on December 11, 1989. He was present in the courtroom on the arraignment date.
RIGHT TO TESTIFY
There is little question that a defendant is entitled to appear before a Grand Jury on his own behalf (CPL 190.50 [5] [a]). Mr. Velasquez’s motion is so grounded, in that, despite his request to testify before the Grand Jury, he never had a legitimate opportunity to exercise his right to do so. Defendant also contends the CPL 30.30 "speedy trial” time had not elapsed. Thus, defendant fails to see why he was not permitted to testify.
In reply, the People state they never received the defendant’s request to testify. Further, they point to the fact that a Grand Jury action cannot be suspended indefinitely.
The court must agree with the People.
*563 CPL 190.50 (5) (a) provides in pertinent part that "[w]hen a criminal charge against a person is * * * submitted to a grand jury, such person has a right to appear before such grand jury * * * in his own behalf * * * and * * * the district attorney must * * * accord the defendant a reasonable time to exercise his right to appear as a witness therein” (emphasis added).
An indictment obtained in contravention of a defendant’s right to testify is totally invalid and the sole remedy is dismissal (CPL 190.50 [5] [c]; 210.20, 210.35). Here, the defendant was arrested on March 20, 1989. The matter was presented to the Grand Jury in late July. Under the circumstances, more than four months constitutes a reasonable time. There is no merit to the defendant’s claim that this indictment should be dismissed because he was legally incompetent during the time the case was presented to the Grand Jury, and was thereby precluded from exercising his rights.
Nor is there any merit to Mr. Velasquez’s claim that the "speedy trial” time had not elapsed. CPL 30.30 requires only that the People be ready for trial within six months of commencement of a criminal action; in no manner is it otherwise mandatory.
DEFENSE DUTY
The primary duty to seek a psychiatric examination of a defendant rests with his counsel. This pursuant to CPL article 730 to determine if a defendant is in fact an incapacitated person (see, People v Balukas, 95 AD2d 813 [1983]). Given the circumstances extant in the instant case, such an examination should have occurred shortly after the defendant’s arrest. It did not then, nor was it ever initiated. Indeed, CPL 730.40 (3) clearly authorizes the presentation of a case to the Grand Jury even while a defendant is committed pursuant to a temporary order of observation, and provides that, under those circumstances, the Grand Jury need not hear a defendant as it ordinarily must pursuant to CPL 190.50 (see, People v Lancaster, 69 NY2d 20, cert denied 480 US 922 [1987]).
It is well settled that the State in its efforts to secure an indictment before the Grand Jury "owes a duty of fair dealing to the accused” (People v Pelchat, 62 NY2d 97, 105 [1984]). Here, the defendant received a "fair dealing”.
*564 CONCLUSION
The court, after careful consideration of the papers submitted by both sides, and accepting the facts in a light most favorable to the defense, opines that the People accorded Mr. Velasquez a reasonable opportunity to exercise his right to appear before the Grand Jury. Thus, the motion fails.